**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1971**

JEFFREY ALLEN,

                   Plaintiff - Appellant,

          v.

JOHN DAILEY; DAN BERRY, CEO Duke University Federal Credit Union; ALEX HOLMES, Money Gram CEO,

                   Defendants - Appellees,

          and

CHIEF CERELYN DAVIS, Durham Police Department,

                   Defendant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:17-cv-00259-CCE-JLW)

Submitted:  February 28, 2018                    Decided:  March 6, 2018

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey Allen, Appellant Pro Se.  Katherine Marie Barber-Jones, Dan M. Hartzog, Jr., Dan McCord Hartzog, CRANFILL, SUMNER & HARTZOG, LLP, Raleigh, North Carolina; Caren D. Enloe, SMITH DEBNAM NARRON DRAKE SAINTSING &

MYERS, LLP, Raleigh, North Carolina; Ashley Burgess Bartolucci, Erin McNeil Young, HALL BOOTH SMITH, PC, Charlotte, North Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Allen appeals from the district court's July 25, 2017, order dismissing the claims against three of four defendants in his civil action.[1] We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court.[2] *Allen v. Dailey*, No. 1:17-cv-00259-CCE-JLW (M.D.N.C. July 25, 2017). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[1] Although Allen's notice of appeal was filed prior to the entry of final judgment, we have jurisdiction over Allen's appeal from the July 25 order under the doctrine of cumulative finality. *Equip. Fin. Group, Inc. v. Traverse Comput. Brokers*, 973 F.2d 345, 347-48 (4th Cir. 1992).

[2] Allen filed his notice of appeal before the district court entered its final order on September 22, 2017, dismissing the claims against the remaining defendant. Although, in some circumstances, an informal brief filed in this court may be sufficient to give the requisite notice of intent to appeal, *see Smith v. Barry*, 502 U.S. 244, 248-49 (1992), Allen's informal brief was not filed until November 15, 2017, after the expiration of the 30-day appeal period. *See* Fed. R. App. P. 4(a)(1)(A). Moreover, Allen did not obtain an extension or reopening of the appeal period. *See* Fed. R. App. P. 4(a)(5), (6). Because "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007), we lack jurisdiction to review the district court's final order.